USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DEBORAH DEDEWO,

                     Plaintiff,

   -against-

CBS CORPORATION,

                     Defendant.
------------------------------------------------------------- x

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

18 Civ. 9132 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Deborah Dedewo, an African-American female and former employee of Defendant CBS Corporation ("CBS"), sues CBS under 42 U.S.C. § 1981, New York State Human Rights Law, and New York City Human Rights Law, alleging that CBS failed to promote her and terminated her because of her race and gender. CBS moves to dismiss Dedewo's failure-to-promote claims on the grounds that the Amended Complaint fails to allege (i) that Plaintiff applied for a specific promotion, and (ii) that any such promotion was given to a similarly situated white-male employee.

      Defendant's partial motion to dismiss Plaintiff's failure-to-promote claims is denied. The Amended Complaint alleges that Plaintiff expressed interest in a promotion to a supervisory position to Christopher Cruz (Media Services Manager for Sports and Sports Network), Am. Compl. ¶¶ 12, 14, and to her manager, Edward Coleman (Direct of Post-Production and Media Services), *id.* at ¶ 13; that Coleman denied having knowledge that such a position was being created and said that another employee, Robert Collins, was better suited for such a role, *id.* at ¶¶ 13-14; and that Plaintiff learned several months later that the position had been created and "would be filled by a similarly situated white-male employee." *Id.* at ¶ 15.

These allegations are sufficient to satisfy the exception to the "specific application" requirement, as they plausibly support the inference that CBS created the supervisory position in which Plaintiff expressed interest, failed to post or inform Plaintiff about the position, and gave the position to another employee. *See Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) ("[T]o be excused from the specific application requirement, an employee must demonstrate that (1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer.").

The Amended Complaint also adequately alleges that Plaintiff was similarly situated to the white-male employee who was promoted. *See* Am. Compl. ¶¶ 11 ("Coleman . . . promoted a number of white males with no greater qualifications or experience to positions greater than [Plaintiff's] current position."), 12 (alleging that Plaintiff "was already do[ing] work in [a] supervisor capacity"), 14 (alleging that Plaintiff received "positive feedback from Cruz").

The oral argument scheduled for June 4, 2019 is canceled. The Clerk shall terminate the open motion (ECF No. 21). Defendant shall answer on or before June 24, 2019. The parties shall appear for a status conference on July 19, 2019 at 10:00 a.m.

SO ORDERED.

Dated:  May 22, 2019
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge