UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DEDEWO,<br><br>                    Plaintiff,<br><br>          - against -<br><br>CBS CORPORATION,<br><br>                    Defendant. | Case No. 18-CV-9132 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO HOLD
PLAINTIFF IN CONTEMPT OF COURT PURSUANT TO FED. R. CIV. P. 37(b)**

DAVIS WRIGHT TREMAINE LLP
Laura Sack
Kaitlyn E. Fallon
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
laurasack@dwt.com
kaitlynfallon@dwt.com

*Attorneys for Defendant*
*CBS CORPORATION*

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

    A.    PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS ................................................................... 2

    B.    DEFENDANT'S REPEATED ATTEMPTS TO ELICIT RESPONSES AND THE COURT'S JANUARY 3, 2020 AND NOVEMBER 13, 2020 ORDERS.............................................................................................. 4

    C.    PLAINTIFF'S CONTINUING REFUSAL TO PRODUCE RESPONSIVE DOCUMENTS AND INFORMATION .................................................. 7

ARGUMENT ................................................................................................. 7

    A.    PLAINTIFF SHOULD BE SANCTIONED FOR HER REFUSAL TO COMPLY WITH HER DISCOVERY OBLIGATIONS AND THIS COURT'S ORDERS................................................................... 8

    B.    DEFENDANT IS ENTITLED TO A FAVORABLE INFERENCE IN LIGHT OF PLAINTIFF'S INEXCUSABLE FAILURE TO PRESERVE ESI.................................................................................. 9

    C.    THE COURT SHOULD ENTER AN AWARD OF ATTORNEY'S FEES........ 11

CONCLUSION................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Byrnie v. Town of Cromwell,*
    243 F.3d 93 (2d Cir. 2001).................................................................................................10

*Connell v. City of New York,*
    230 F. Supp. 2d 432 (S.D.N.Y. 2002)....................................................................................9

*Kizer v. Abercrombie & Fitch Co.,*
    2016 WL 5338537, No. 12-CV-5387 (E.D.N.Y. Sept. 23, 2016) ..........................................12

*Kronisch v. United States,*
    150 F.3d 112 (2d Cir. 1998).................................................................................................10

*Marshall v. Dentfirst, P.C.,*
    313 F.R.D. 691 (N.D. Ga. 2016)...........................................................................................11

*Pure Power Boot Camp v. Warrior Fitness Boot Camp,*
    759 F. Supp. 2d 417 (S.D.N.Y. 2010)....................................................................................9

*Residential Funding Corp. v. DeGeorge Fin. Corp.,*
    306 F.3d 99 (2d Cir. 2002)...................................................................................................8

*Ronnie Van Zant, Inc. v. Pyle,*
    270 F. Supp. 3d 656 (S.D.N.Y. 2017)..................................................................................11

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,*
    374 F.3d 158 (2d Cir. 2004).................................................................................................12

*Update Art, Inc. v. Modiin Pub., Ltd.,*
    843 F.2d 67 (2d Cir. 1988)....................................................................................................9

*Zubulake v. USB Warburg LLC,*
    220 F.R.D. 212 (S.D.N.Y. 2003) ..........................................................................................10

**Statutes**

28 U.S.C. § 1927.....................................................................................................................8, 12

42 U.S.C. § 1981.........................................................................................................................12

**Page(s)**

**Rules**

Federal Rules of Civil Procedure

16......................................................................................................................................4
37............................................................................................................................8, 12
37(a)(2)(C) ......................................................................................................................12
37(b) ...............................................................................................................................13
37(b)(2)(A)(iii) ..................................................................................................................8
37(b)(2)(A)(iv) ..................................................................................................................8
37(b)(2)(A)(v) ...................................................................................................................8
37(e) ..........................................................................................................................9, 11
37(e)(2) ...........................................................................................................................11
37(e)(2)(A) ......................................................................................................................10
37(e)(2)(C) ......................................................................................................................10

CBS Corporation ("CBS" or "Defendant"), by its attorneys, Davis Wright Tremaine LLP, respectfully submits this memorandum of law in support of its motion to hold the plaintiff Deborah Dedewo ("Plaintiff") in contempt of the Court's January 3, 2020 and November 13, 2020 orders compelling her to produce full and complete responses to Defendant's outstanding discovery requests.  For well over a year, Plaintiff has steadfastly refused to produce documents and information concerning fundamental aspects of her case, including a precise calculation of her alleged damages, copies of documents she told the Equal Employment Opportunity Commission (the "EEOC") were in her possession and would substantiate her claims, and Plaintiff's clandestine recordings of her workplace conversations with CBS colleagues.  In their effort to deprive Defendant of discovery to which it is unquestionably entitled, Plaintiff and her attorney have: (i) flatly refused to respond to Defendant's detailed deficiency letters; (ii) violated two orders of this Court; (iii) waited until the Court-imposed deadline for the production of all outstanding documents and information to claim – outrageously and baselessly – that Plaintiff previously satisfied her discovery obligations; and (iv) ignored entirely Defendant's most recent letter, complete with supporting case law, which catalogued yet again the numerous holes in Plaintiff's discovery responses that this Court has twice ordered Plaintiff to address.  Because Plaintiff refuses to produce the documents and information to which Defendant is entitled, Defendant respectfully moves the Court to (i) find Plaintiff in contempt of the Court's prior orders and stay discovery as to Defendant until Plaintiff provides full and complete responses to its discovery requests; (ii) order an adverse inference as to any documents or information that Plaintiff failed to preserve; and (iii) award to Defendant its costs, including reasonable attorneys' fees, incurred in connection with this motion.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

**A.    PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS**

In this action, Plaintiff claims she was denied a promotion based on her race and gender, and was dismissed in retaliation for lodging internal discrimination complaints.  Plaintiff seeks unspecified compensatory, consequential, and punitive damages.  *See* Amended Complaint (Docket Doc. No. 20), at 11.

Prior to commencing this action, Plaintiff filed a charge of discrimination (the "Charge") with the EEOC, which was dismissed after investigation by the EEOC on a finding of no reasonable cause to believe that she was subjected to unlawful discrimination or retaliation. Declaration of Laura Sack ("Sack Decl."), ¶ 2, Exh. A.

On July 22, 2019, Defendant served its First Set of Interrogatories, which sought, among other things, the identification of each category of damages that Plaintiff alleges, together with the total amount of damages claimed and the basis for that calculation.  Sack Decl., ¶¶ 3-4, Exh. B, Interrogatory No. 9.  Defendant also sought the identity of each person with knowledge or information concerning Plaintiff's attempts to seek employment since October 2014.  *Id.*, Interrogatory No. 10.

Plaintiff served her untimely responses and objections to Defendant's Interrogatories (the "Interrogatory Responses") on August 27, 2019.  She interposed no specific objections to either Interrogatory No. 9 or 10 and instead provided only vague and unresponsive answers.  *Id.* Notwithstanding Defendant's repeated subsequent requests and two Court orders, Plaintiff has yet to provide substantive responses to these interrogatories.

On July 22, 2019, Defendant also served its First Set of Document Demands, which sought, among other things, the following:

- Documents concerning any of the allegations in the Amended Complaint and/or any events, or conditions in controversy in this lawsuit, which includes documents referenced in Plaintiff's correspondence with the EEOC (Sack Decl., ¶¶ 3, 5, Exh. C, Document Demands No. 3 and 6);

- All audio and/or video recordings of CBS employees or Plaintiff's workplace, as well as any other recordings that otherwise relate to the matters at issue in this lawsuit (*Id.*, Document Demand No. 8);

- All documents concerning Plaintiff's communications with CBS's Human Resources representatives and its Vice President of Diversity (*Id.*, Document Demand No. 11);

- All documents concerning any search for employment that Plaintiff has engaged in and any job posts she has viewed, responded to, and/or applied for since July 2, 2012 (*Id.*, Document Demands No. 24 and 25);

- All documents concerning Plaintiff's income or income substitutes for the years 2012 through the present and all documents concerning any services Plaintiff has performed for compensation since her separation from employment with CBS (*Id.*, Document Demands No. 26 and 27);

- All documents concerning all postings, "likes," comments, notes, or updates on Plaintiff's social media profiles and pages concerning the subject matter of this action, the allegations made or damages sought in the Amended Complaint, her employment with and/or separation from employment with CBS, and/or any of her assignments, duties, and/or responsibilities while employed by CBS (*Id.*, Document Demands No. 32 and 33);

- All appointment books, diaries, journals, calendars, and weekly or daily planners maintained by and/or for Plaintiff from August 18, 2014 to the present (*Id.*, Document Demand No. 34); and

- Plaintiff's current resume and all versions of her resume that she has maintained since August 2014 (*Id.*, Document Request No. 35).

Plaintiff served her untimely and incomplete responses and objections to Defendant's Document Demands (the "Responses to Document Demands," referred to collectively with the Interrogatory Responses as the "Responses") on August 27, 2019.  *Id.*  Plaintiff's incomplete document production included correspondence to the EEOC in which Plaintiff's counsel referred to multiple audio recordings of conversations and voice mail messages that she said supported her claims.  Sack Decl., ¶ 6, Exh. D.  No such recordings were initially produced by Plaintiff to

Defendant; on or around September 25, 2019, Plaintiff's counsel produced only <u>one</u> such recording, while pronouncing that all other audio recordings "are lost."  Sack Decl., ¶ 7, Exh. E. Despite Defendant's repeated follow-up requests, Plaintiff has offered no explanation as to what was lost, by whom, or under what circumstances.  *Id.*

Plaintiff's counsel's correspondence to the EEOC also referenced "Additional Supplement[al] Documentation" that she would provide to the EEOC "Upon Request."  Sack Decl., ¶ 6, Exh. D.  Plaintiff has failed to respond to repeated overtures by Defendant to either produce that supplemental documentation, represent that it does not exist, or state that it was no longer in her possession.  Sack Decl., ¶ 7.

**B.  DEFENDANT'S REPEATED ATTEMPTS TO ELICIT RESPONSES AND THE COURT'S JANUARY 3, 2020 AND NOVEMBER 13, 2020 ORDERS**

Notwithstanding repeated follow-up requests from Defendant and two orders from the Court, Plaintiff has yet to (i) provide full and complete responses to Defendant's discovery requests; (ii) affirmatively state that she has produced all responsive, non-privileged documents; or (iii) explain why audio recordings referenced in her correspondence to the EEOC are no longer available for production.

From September 3, 2019 to the present, Defendant has provided Plaintiff with written notice of the deficiencies in her discovery responses no fewer than <u>seven</u> times.  Additionally, on January 3, 2020 and again on November 13, 2020, the Court ordered Plaintiff to provide full and complete responses to Defendant's discovery demands.  To date, Plaintiff has willfully failed to do so.  Specifically:

- By letter dated September 3, 2019, Defendant put Plaintiff's counsel on written notice of the deficiencies in the Responses and demanded that those deficiencies be cured.  Sack Decl., ¶ 8, Exh. F.

- On September 13, 2019, counsel for the parties appeared before the Court for a preliminary conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  During that conference, Plaintiff's counsel represented to the Court

4

that he had calculated the total amount of damages that Plaintiff incurred to date in connection with the claims set forth in the Complaint.  Sack Decl., ¶ 9.

- On September 17, 2019, Defendant again requested in writing that Plaintiff cure the deficiencies in the Responses, including Plaintiff's failure to provide a detailed breakdown of the damages to which she claims she is entitled in this action, which her counsel had already prepared.  Sack Decl., ¶ 10, Exh. G.

- On November 5, 2019, Defendant once again requested in writing that Plaintiff cure the deficiencies in the Responses and provided a detailed enumeration of the manner in which the Responses were deficient.  Sack Decl., ¶ 11, Exh. H.

- On November 20, 2019, Plaintiff's counsel advised Defendant's counsel that Plaintiff did not intend to respond to Defendant's November 5, 2019 correspondence.  In an effort to resolve the matter without judicial intervention, Defendant's counsel followed up with an e-mail requesting once again that Plaintiff cure the Responses' deficiencies.  Sack Decl., ¶ 12, Exh. I.

- On December 13, 2019, counsel for the parties met in person for approximately ninety minutes to discuss the prospects for settlement as well as outstanding discovery matters.  Defendant's counsel stated explicitly during this meeting that Defendant would continue to insist on receiving complete responses to its outstanding discovery requests.  Since this meeting more than a year ago, Plaintiff has done <u>nothing</u> to remedy the numerous deficiencies in her discovery responses. Sack Decl., ¶ 13.

Forced to conclude that judicial intervention was necessary to compel Plaintiff to comply with her discovery obligations, Defendant invited Plaintiff to contribute to a joint letter to the Court setting forth the basis for her continued refusal to provide full and complete responses to Defendant's discovery demands.  Defendant filed the joint letter with the Court on January 2, 2020,[1] and the following day, the Court ordered that "Each party shall respond, fully and completely, to the other's discovery requests, without conditions."  Sack Decl., ¶ 14, Exh. J. Later that same day, Defendant reminded Plaintiff of the deficiencies in the Responses and provided Plaintiff's counsel with another copy of Defendant's November 5, 2019 correspondence that set forth in detail the deficiencies in Plaintiff's Responses.  Sack Decl., ¶ 15, Exh. K.

---

[1] Plaintiff raised no issue with Defendant's responses to her interrogatories or document demands in her portion of the parties' joint letter to the Court.  Sack Decl., ¶ 14, Exh. J.

Plaintiff made no effort to comply with the Court's January 3 order.  Instead, Plaintiff's counsel sought to revisit with Defendant the possibility of settlement, and on January 13, Plaintiff's counsel faxed to the Court a "Notice of Settlement," advising that the parties had reached a settlement and asking the Court to dismiss the case, with leave to reinstate it to the Court's calendar "should the parties not execute a formal settlement agreement" within 30 days. Sack Decl., ¶ 16, Exh. L.

Months later, on July 2, 2020, Plaintiff's counsel stated that Plaintiff "no longer has a desire for settlement" because "[s]he has a deep emotional commitment to having a public trial as vindication of her claim[.]" Sack Decl., ¶ 17, Exh. M.  On October 29, 2020, the Court restored this matter to the calendar, and on November 13, 2020, counsel for the parties participated in a telephonic status conference with the Court.  Sack Decl., ¶¶ 18-19.  At that conference, Defendant's counsel noted that Plaintiff had not complied with the Court's January 3, 2020 order directing her to provide complete responses to Defendant's discovery requests, in response to which the Court entered an order requiring the parties to "discharge all discovery obligations by December 4, 2020."  Sack Decl., ¶ 19, Exh. N.

On November 16, 2020, Defendant provided Plaintiff's counsel with written notice of its expectation that Plaintiff would provide full and complete responses to all of its outstanding discovery requests by December 4, 2020, in accordance with the Court's order.  Sack Decl., ¶ 20, Exh. O.  The following day, in response to Plaintiff's request for an enumeration of the deficiencies in her discovery responses, Defendant provided Plaintiff's counsel, yet again, with copies of its detailed deficiency letters dated September 3, 2019 and November 5, 2019.  Sack Decl., ¶ 21, Exh. P.

**C.     PLAINTIFF'S CONTINUING REFUSAL TO PRODUCE RESPONSIVE
DOCUMENTS AND INFORMATION**

Rather than comply with the Court's November 13, 2020 order, on December 4, 2020,

Plaintiff's counsel stated, without elaboration, that "all necessary document discovery due from

the plaintiff is complete."  Sack Decl., ¶ 22, Exh. Q.  In response, by letter dated December 8,

2020, Defendant reiterated the specific deficiencies in Plaintiff's discovery responses (which, by

then, were the subject of repeated, detailed correspondence from Defendant and two orders of

this Court in the fifteen months since Defendant first raised the deficiencies), with supporting

case law, and provided Plaintiff with yet another opportunity to comply with her discovery

obligations without further involvement from the Court.  More specifically, Defendant advised

Plaintiff that it would seek to hold her in contempt of the Court's orders "unless Plaintiff

provides full and complete responses to [Defendant's] outstanding discovery requests … by

December 18, 2020."  Sack Decl., ¶ 23, Exh. R.

To date, Plaintiff has not responded in any way to Defendant's December 8, 2020

correspondence.  Sack Decl., ¶ 24.

## <u>ARGUMENT</u>

Twice over the course of this litigation, Plaintiff has intentionally and deliberately

disregarded this Court's orders that she comply fully and completely with her discovery

obligations.  Plaintiff's disregard of her obligations as a litigant has caused Defendant to incur

significant expense in connection with its repeated efforts to obtain discovery to which it is

entitled (and without which it will be prejudiced in its defense of the case), and has demonstrated

a stunning lack of respect for this Court's orders.  Meaningful consequences are needed to put an

end to this.

To reiterate, shortly after the Court compelled Plaintiff to provide complete responses to

Defendant's discovery demands on January 3, 2020, Plaintiff represented to the Court that the

matter had settled, only to recant that representation and claim a desire to proceed to trial some six months later.  Then, after the Court's November 13, 2020 order compelled Plaintiff, for the second time, to "discharge all discovery obligations by December 4, 2020," counsel for Plaintiff requested that Defendant identify the deficiencies in Plaintiff's discovery responses (even though Defendant already provided that information several times), which Defendant did on November 17, 2020.  Plaintiff then waited until the Court-imposed deadline of December 4 to claim, for the first time, that she had met all of her discovery obligations – without even attempting to reconcile this position with the repeated instances in which Defendant put Plaintiff on written notice of the discovery issues that remain outstanding.  Finally, Plaintiff has utterly ignored Defendant's December 8 letter imploring her, yet again, to respond fully to Defendant's discovery requests, as this Court has twice ordered her to do.

Such dilatory and wasteful abuse of the judicial process warrants sanctions under Rule 37 of the Federal Rules of Civil Procedure ("Rule 37" or "R. 37") and 28 U.S.C. § 1927. Accordingly, Defendant respectfully requests that the Court find Plaintiff in contempt of its orders compelling discovery and grant to it the relief requested herein.

A.    **PLAINTIFF SHOULD BE SANCTIONED FOR HER REFUSAL TO COMPLY WITH HER DISCOVERY OBLIGATIONS AND THIS COURT'S ORDERS**

Under Rule 37, when a party "fail[s] to obey an order to provide or permit discovery," a district court has "broad discretion in fashioning an appropriate sanction."  *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).  The options available to the Court include "striking pleadings in whole or in part" (R. 37(b)(2)(A)(iii)), "staying further proceedings until the order is obeyed" (R. 37(b)(2)(A)(iv)), and "dismissing the action or proceeding in whole or in part" (R. 37(b)(2)(A)(v)).

Plaintiff's refusal to provide a damages calculation is especially egregious, since her counsel represented to the Court on September 13, 2019 that he already prepared a damages calculation.  Plaintiff's inexplicable and inexcusable refusal to provide that information, coupled with Defendant's frequent and repeated attempts to obtain a precise enumeration of Plaintiff's alleged damages, warrants preclusion of evidence of damages, in the event Plaintiff were to prevail on the merits of her claims.  *See, e.g.*, *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988) (affirming order precluding submission of evidence of damages where opposing counsel "specifically requested information necessary to calculate damages," and the responding party "inexcusably failed to provide" it); *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 759 F. Supp. 2d 417, 426 (S.D.N.Y. 2010) (a party's "failure to itemize and produce in pretrial discovery evidence of actual damages … bars [that party] from claiming that they are entitled to actual damages").  Here, because Plaintiff staunchly refuses to provide a damages calculation, despite numerous requests and two Court orders, she should be precluded from submitting <u>any</u> evidence that she was harmed in any way in connection with the facts as alleged in the Complaint.  Additionally, to avoid further prejudice to Defendant, the Court should enter an order staying all discovery as to Defendant until such time as Plaintiff provides full and complete responses to Defendant's outstanding discovery demands by a date certain, with an express admonition that future non-compliance will result in dismissal of the action.  *See, e.g., Connell v. City of New York*, 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002) (ordering plaintiff to produce documents and audio recordings within ten days or face dismissal of action).

**B.     DEFENDANT IS ENTITLED TO A FAVORABLE INFERENCE IN LIGHT OF PLAINTIFF'S INEXCUSABLE FAILURE TO PRESERVE ESI**

Rule 37(e) provides a district court with the discretion to fashion an appropriate remedy for a party's failure to preserve electronically stored information ("ESI") that should have been preserved in anticipation of litigation.  Among other things, the Court may "presume that the lost

information was unfavorable to the party" or "dismiss the action or enter a default judgment."
R. 37(e)(2)(A), (C).  Among the information that Plaintiff has failed to produce are audio
recordings and additional documents that were in Plaintiff's possession at the time she filed her
EEOC Charge.  Through counsel, Plaintiff has subsequently claimed that the audio recordings
"are lost," but has offered no explanation whatsoever as to the location of the documents she
referenced in her correspondence with the EEOC and has failed to produce in discovery.  Such
failure to preserve evidence that – by Plaintiff's own admission – is relevant to the claims and
defenses in this action constitutes spoliation, thereby warranting an adverse inference.

"The obligation to preserve evidence arises when the party has notice that the evidence is
relevant to litigation or when a party should have known that the evidence may be relevant to
future litigation." *Zubulake v. USB Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (citing
*Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998)).  In seeking an adverse inference
regarding the content of destroyed evidence, a moving party must show that "the party having
control over the evidence ... had an obligation to preserve it at the time it was destroyed."
*Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998).  The facts of this case conclusively
demonstrate that Plaintiff was, without a doubt, under a duty to preserve evidence that she now
claims is unavailable, and that Defendant is entitled to an adverse inference concerning the
substance of that evidence.

In *Byrnie v. Town of Cromwell*, the Second Circuit found that an inference of intentional
spoliation was appropriate where a party failed to preserve evidence after receiving notice of the
pendency of an administrative action, because "it is only logical to anticipate that a complaint
lodged with the [state agency] might be pursued at a later date in a courtroom."  243 F.3d 93, 108
(2d Cir. 2001).  That reasoning is especially salient here.  When Plaintiff filed the Charge, she
was represented by counsel presumably aware of the need to preserve evidence relevant to her

claims.  The audio recordings and exhibits that Plaintiff submitted to the EEOC, as well as the

"Other Documents" that Plaintiff offered to provide, are unquestionably within the scope of

discovery, insofar as they were made available to a government agency in support of her claim of

discrimination.[2]  Now that the EEOC has dismissed her Charge upon a finding of no reasonable

cause, Plaintiff claims that the audio recordings "are lost," and she has failed to produce the other

documents that she previously claimed substantiated her claims of discrimination.  This compels

one of two conclusions: either Plaintiff has realized that the documents and recordings are more

harmful than helpful to her case, or she has failed to preserve relevant evidence.  In either case,

Defendant is entitled to relief under Rule 37(e).  *See Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp.

3d 656, 669-71 (S.D.N.Y. 2017) (entering an inference of spoliation where a party failed to

preserve "unique, relevant evidence that might be useful to an adversary," including data

maintained on a smart phone (internal citations omitted)); *see also Marshall v. Dentfirst, P.C.*,

313 F.R.D. 691, 695-97 (N.D. Ga. 2016) (finding that a duty to preserve relevant documents

exists upon filing an EEOC charge).

Accordingly, the Court should enter an order pursuant to Rule 37(e)(2) that the

documents and recordings that were previously in Plaintiff's possession and are now unavailable

conclusively <u>rebut</u> any inference of discrimination.

## C.    THE COURT SHOULD ENTER AN AWARD OF ATTORNEY'S FEES

The Court should hold Plaintiff and her counsel jointly and severally responsible for

paying to Defendant the attorney's fees it incurred in making this motion, in light of the utter

dearth of any good-faith basis for their non-compliance with the Court's prior orders.

---

[2] Defendant has obtained certain documents from the EEOC in response to a request for its investigation file under the Freedom of Information Act.  That production did not include any audio files.  Sack Decl., ¶ 7.

Under Rule 37(a)(2)(C), in addition to other enumerated forms of relief, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to participate in the discovery process. See, for example, *Kizer v. Abercrombie & Fitch Co.*, 2016 WL 5338537, No. 12-CV-5387 (E.D.N.Y. Sept. 23, 2016), a case involving claims of employment discrimination under Section 1981, as well as the State and City Human Rights Laws, in which the presiding judge granted defendant leave to file a fee application under Rule 37 in light of plaintiff's "anemic abidance" with the court's discovery orders (citing *Novak v. Wolpoff & Abramson, LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

Consistent with Rule 37(a)(2)(C), 28 U.S.C. § 1927 permits a court to impose liability on a party's counsel, in addition to the party itself, for "multipl[ying] the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  Liability under Section 1927 is appropriate "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (citation omitted). Defendant respectfully submits that Plaintiff's counsel's course of conduct over the past sixteen months of this litigation – which involved refusing on more than one occasion to even respond to Defendant's correspondence concerning discovery, and waiting until the Court's December 4, 2020 deadline to claim for the first time (inaccurately) that Plaintiff had satisfied her discovery obligations – amply warrant an award of sanctions under Section 1927.

Accordingly, Defendant respectfully requests that the Court enter an order awarding to it the fees incurred in connection with this motion.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an order pursuant to Rule 37(b) of the Federal Rules of Civil Procedure (i) holding Plaintiff in contempt of the Court's January 3, 2020 and November 13, 2020 orders, compelling Plaintiff to comply with her discovery obligations or face dismissal of the action, and staying discovery as to Defendant until such time as Plaintiff has satisfied her outstanding obligations; (ii) holding that the documents and recordings that Plaintiff has failed to produce rebut any inference of discrimination on the part of CBS; and (iii) awarding to Defendant its costs, including reasonable attorneys' fees, along with such other further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 7, 2021

                         Respectfully submitted,

                         DAVIS WRIGHT TREMAINE LLP

                         By: */s/ Laura Sack*
                            Laura Sack
                            Kaitlyn E. Fallon

                         1251 Avenue of the Americas, 21st Floor
                         New York, NY  10020-1104
                         (212) 489-8230 Phone
                         (212) 489-8340 Fax
                         laurasack@dwt.com
                         kaitlynfallon@dwt.com

                         *Attorneys for Defendant*
                         *CBS CORPORATION*