UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DEDEWO,<br><br>Plaintiff,<br><br>v.<br><br>CBS CORPORATION,<br><br>Defendant. | ECF/CM Case<br><br>**Case No. 18-CV-9132-AKH**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

The plaintiff respectfully moves the Court to deny the above referenced motion by Defendant CBS for the reasons stated below

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2).

Local Civ. R. 37.1 establishes requirements for the submission of motions to

1

compel under Fed. R. Civ. P. 37. There, Rule 37.1 reads:

> Upon any motion or application involving discovery or disclosure requests or responses under Rule 37 of the Federal Rules of Civil Procedure, *the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed*. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 [1] also applies to the motion or application.

Local Civil Rule 37.1, Verbatim Quotation of Discovery Materials (*emphasis added*).

Rather than cite to a specific instance of where there is a lapse in a response to the plaintiff's discovery obligation, the defendant has submitted a broad and over-reaching blanket assertion on meritless discovery complaints and failed settlement discussions that does not focus on what interrogatory or request for production were propounded, the response given, the basis for requesting a supplement answer and why they are entitled to prevail.  While the defendant's motion is a scattershot complaint, it does contain an exhibit that narrows what they are claiming as being outstanding discovery. Therefore, the plaintiff will focus the

---

[1] Local Civil Rule 5.1. Filing of Discovery Materials
A party seeking relief under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure, or making any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or are cited in papers submitted in connection with any other motion or application. See also Local Rule 37.1.

content of that exhibit, Exhibit R. Exhibit R is the defendant's response to Plaintiff's demand for a Rule 37.1 letter. *See* Declaration of Laura Sack ("Decl."), the attorney for the defendant, in support of the pending motion.

## THE DEFENDANT'S DISCOVERY REQUESTS

*Interrogatory No. 9*:

> Identify with specificity each category of damages that you allege, including lost income, emotional distress and attorneys' fees, if any. With respect to each category of damages, specifically state the total amount of damages claimed and the basis for the computation of the amount claimed.
>
> *Answer*: Plaintiff draws your attention to the Damages section of her Rule 26 Initial Disclosures.

Exh. B, Decl. (Plaintiff's Responses to Defendant's First Set of Interrogatories); *see*, Exh. R (the defendant's objection to Plaintiff's response to Interrogatory No. 9).

In pointing the defendant to the Damages section of Plaintiff's Initial Rule 26 Disclosures, the plaintiff made it clear that she seeks:

> . . . . back-pay based on her annual salary with Defendant that is calculated from the time of the termination of her employment until judgment; an award of punitive damages that is to be determined by a jury; other monetary losses incurred as result of the loss of Plaintiff's employment; pre and post-judgment interest, attorney's fees, expert witness fees and other costs to be determined at the end of trial; and any other further relief as the Court deems just and proper. Plaintiff reserves the right to supplement the types of damages sought within reasonable time

3

before trial.

The mathematical calculation for back-pay is simple given that Defendant has provided, and the plaintiff does not dispute, her salary for the time she was employed immediately before her employment was unlawfully terminated. Defendants provided documents with Bates Number CBS-0229 and CBS-0239 which reflect the plaintiff's annual salary. Therefore, given that this information is available to the defendant, it is the plaintiff's belief that is well within the defendant's capability to determine the mathematical computation of Plaintiff's back-pay. Emotional damages and punitive damages are simply not calculated with any mathematical precision and it is for the court to decide.

***Interrogatory No. 10:***

> Identify each person with knowledge or information concerning your attempts to seek employment with any entity since October 2014.
>
> *Answer*: Plaintiff has no specific memory of the names of persons whom she contacted for employment since 2014. In any event, a response to this question can be found in Plaintiff's response to your request for production of documents which will list her attempts in seeking new employment.
>
> *The Defendant's Objection*
>
> Interrogatory No. 10 seeks information concerning individuals with knowledge of Plaintiff's job search efforts beginning in October 2014 – which precedes the date on which Plaintiff's employment with CBS was terminated. In response, Plaintiff claims that she "has no specific memory of the names of persons whom she contacted for employment since 2014." However, CBS's interrogatory is not

4

> limited to the identity of those from whom Plaintiff sought work during this time, but includes, for example, friends, colleagues, and family members with whom she discussed these efforts. Plaintiff also refers generally to documents concerning Plaintiff's job search efforts following termination of her employment. These responses are incomplete on their face and must be supplemented.

Exh. R to the Declaration in Support of Motion.

Fed. R. Civ. P. 33 (d) expressly provides the responding party the option to produce records in response to an interrogatory. As such, Plaintiff produced a list of her attempts at finding new employment and it is responsive to this interrogatory.

### *Document Production Requests Nos. 3 and 6*:

> All documents concerning any of the allegations in the Amended Complaint and/or any events, or conditions in controversy in this lawsuit.
>
> *Response*: Plaintiff submits documents stamped with Bates Numbers DD_001 through DD_0132 in her possession that are responsive to this request.

*Document Production Request No. 3*

> All documents concerning communications between you and any representative, employee or agent of the Equal Employment Opportunity Commission ("EEOC") concerning the allegations in the Amended Complaint.
>
> *Response*: Plaintiff submits documents stamped with Bates Numbers DD_049 through DD_0132 in her possession that are responsive to this request.

*Document Production Request No. 6.*

<u>*The Defendant's Objection*</u>

> In Document Request Nos. 3 and 6, we requested all documents concerning the subject matter of this litigation, including communications between Plaintiff and any EEOC representative concerning the allegations in the Amended Complaint. In light of Plaintiff's representations to the EEOC that "Additional Supplement [sic] Documentation May Be Provided Upon Request," (see DD_053), it appears that Plaintiff either has not yet produced all responsive documents or has failed to maintain them. If the former, please produce all responsive documents promptly; if the latter, then so state so that CBS may seek appropriate relief from the Court.

Exh. R to the Declaration in Support of Motion.

The plaintiff provided an adequate response to this request for production of documents as required by Rule 34 (b) (2) by providing documents in her possession. The defendant's argument questioning the veracity of the plaintiff's responsive is unsupported.

### *Document Production Request No. 8:*

> All audio and/or video recordings created by any device, including but not limited to smart phones and computers, that depict and/or record any current or former employee of CBS or your work place while you were employed by CBS, and/or that otherwise relate to the matters, events, or conditions in controversy in this lawsuit, including but not limited to any damages allegedly sustained by you.
>
> *Response*: Plaintiff has no document in her possession that is responsive to this request.
> 
> A supplement response with an audio recording and a

6

> transcription of same was sent to Defendant. *See* Decl., Exh. E.
>
> <u>The Defendant's Objection</u>
>
> In Document Request No. 8, we requested all audio and/or video recordings of CBS employees or Plaintiff's workplace, as well as any other recordings that otherwise relate to the matters at issue in this lawsuit. According to documents bearing the Bates range DD_50 and DD_130, Plaintiff had multiple audio recordings. In response to your September 25, 2019 representation that "all other audio recordings of meetings with other CBS personnel are lost," we asked for an explanation as to how these documents are no longer available and have received no response. In the absence of a substantive response by December 18, 2020, we will seek appropriate relief from the Court.

Exh. R to the Declaration in Support of Motion.

Again, the plaintiff provided an adequate response to this request for production of documents as required by Rule 34 (b) (2). The defendant's argument seems to be in the form a contention interrogatory that is not before the plaintiff.

### *Document Production Request No. 11:*

> All documents concerning any contact you had with human resources representatives or the vice president of diversity of CBS, as alleged in Paragraphs 12, 18, 19, 20, 21, 23, 24, 25, and 26 of the Amended Complaint.

This was an oversight where no response was stated. However, the plaintiff's responses would have, and it is, the same as her response to Production Request Numbers 3 and 6: "Plaintiff submits documents stamped with Bates Numbers DD_001 through DD_0132 in her possession as possible responses to

7

this request."

### *Document Production Request Nos. 24 and 25:*

All documents concerning any search for employment in which you have engaged since July 2, 2012, including, but not limited to all past and current resumes, recommendations, reference lists, cover letters, writing samples, clips or "reels" reflecting your work experience, and/or communications with recruiters, talent agents, search firms, employment agencies, prospective employers, and/or professional contacts.

*Response*: Objection: Not proportional to the scope of discovery and likely to cause harm to Plaintiff. Plaintiff, however, will compile a list of the places she sought employment as proof of mitigation of damages within reasonable time before the close of discovery.

*Document Production Request No. 24*

All documents concerning any job postings you have viewed, responded to and/or applied for, including but not limited to Internet-based searches for job postings or job postings listed in the classified section of a newspaper, magazine, and/or trade periodical, or any physical posting since July 2, 2012.

*Response*: Plaintiff repeats and adopts her response to request number 24.

*Document Production Request No. 25*

### *The Defendant's Objection*

In Document Request Nos. 24 and 25, we requested all documents concerning any search for employment that Plaintiff has engaged in and any job posts she has viewed, responded to, and/or applied for since July 2, 2012. In response, Plaintiff has produced a chart that lists dates, company names, and positions beginning in November

2015, but has failed to produce any of the underlying submissions or documentation. Please produce those underlying documents.

Exh. R to the Declaration in Support of Motion.

The plaintiff produced written records of her search for employment as confirmed by the defendant. The record produced was well within what is required under Rule 34 (b) (2). The defendant's argument is made under an unsupported claim that the plaintiff is withholding documents. Simply stated, unsupported claims must be denied.

### *Document Production Request No. 26 and 27:*

> All documents concerning your income or income substitutes, including, but not limited to, W-2 forms, federal and state income tax returns filed by you (including all forms, attachments and schedules thereto), individually or jointly, pay stubs, benefits booklets, forms concerning, pertaining or relating to your receipt of unemployment insurance benefits, and other records of compensation for the years 2012 through the present.
>
> *Response*: Objection: this request seeks private information from parties that are not part of this lawsuit. Plaintiff's income tax returns are private and not subject to discovery. Plaintiff, however, will provide copies of income she earned that are reflect in statements other than her income tax returns filed with governmental agencies within reasonable time before the close of discovery.

*Document Production Request Nos. 26.*

> All documents concerning any services you have performed for compensation since your separation from employment with CBS.

9

*Response*: Plaintiff repeats and adopts her response to request number 26.

*Document Production Request Nos. 27.*

<u>The Defendant's Objection</u>

> In Document Request Nos. 26 and 27, we requested all documents concerning Plaintiff's income or income substitutes for the years 2012 through the present and all documents concerning any services Plaintiff has performed for compensation since her separation from employment with CBS. Plaintiff has not produced any information relating to her income in 2019, nor has Plaintiff produced any tax documentation for the entire requested period. A precise enumeration of Plaintiff's income and income substitutes during the relevant period is necessary to calculate back pay to Plaintiff, if any, in the unlikely event that she prevails on the merits of her claims. *See, e.g.*, *EEOC v. Enterprise Ass'n Steamfitters*, 542 F. 2d 579, 592 (noting in relevant part that courts "are not in the business of redistributing the wealth beyond the goal of making the victim of discrimination whole"). Accordingly, the requested documents are squarely within the scope of discovery. Please produce all documents responsive to this request promptly.

Exh. R to the Declaration in Support of Motion.

This is a request that pertaining to whether the defendant can avail themselves to an off-set of earned income for back-pay. While the plaintiff did provide some of her past earnings statement for this request that was propounded before the end of 2019, and any earning statement would not have been available until before the end of the first quarter of 2020, nonetheless, she will update the defendant with her earning statement for 2019 and 2020 which is expected on or

before the end of the first quarter of this year, 2021.

## **CONCLUSION**

In light of the above stated facts and application of law, the defendant's motion to compel must be denied because they have failed to present as facts showing that that they are entitled to any relief other than that stated by the plaintiff in this response.

| | |
|---|---|
| January 14, 2021<br>New York, New York | Respectfully submitted,<br><br>LAW OFFICE OF<br>LOCKSLEY O. WADE, LLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>(212) 933-9180<br>(212) 933-9181 Fax<br><br><br>By: /s/  *Locksley O. Wade*<br>Locksley O. Wade, Esq.<br> *Attorney for Plaintiff* |