UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DEDEWO,

              Plaintiff,

    - against -

CBS CORPORATION,

              Defendant.

Case No. 18-CV-9132 (AKH)

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANT'S MOTION
# TO HOLD PLAINTIFF IN CONTEMPT OF COURT
# PURSUANT TO FED. R. CIV. P. 37(B)

DAVIS WRIGHT TREMAINE LLP
Laura Sack
Kaitlyn E. Fallon
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
laurasack@dwt.com
kaitlynfallon@dwt.com

*Attorneys for Defendant*
*CBS CORPORATION*

## **TABLE OF CONTENTS**

**Page**

ANALYSIS ........................................................................................................................ 2

    A.    PLAINTIFF HAS NOT OFFERED ANY JUSTIFICATION FOR HER CONTINUING FAILURE TO COMPLY WITH HER COURT-ORDERED DISCOVERY OBLIGATIONS ......................................................... 2

    B.    THE COURT SHOULD GRANT TO DEFENDANT THE REQUESTED RELIEF FOR PLAINTIFF'S SPOLIATION OF EVIDENCE ............................. 6

CONCLUSION .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Design Strategy, Inc. v. Davis*,
    469 F.3d 284 (2d Cir. 2006)............................................................................................................3

*Scott v. JPMorgan Chase & Co.*,
    No. 13-CV-646, 2014 WL 338753 (S.D.N.Y. Jan. 30, 2014),
    *aff'd.* 603 Fed. Appx. 33 (2d Cir. 2015) .......................................................................................6

**Rules**

Fed. R. Civ. P. 34................................................................................................................................5

Fed. R. Civ. P. 34(b)(2)..................................................................................................................3, 4

Fed. R. Civ. P. 34(b)(2)(C) .........................................................................................................3, 4, 5

Fed. R. Civ. P. 37(b) ..........................................................................................................................7

Fed. R. Civ. P. 37(e)(2)......................................................................................................................6

S.D.N.Y. Local R. 33.3 ......................................................................................................................3

S.D.N.Y. Local R. 33.3(a) .................................................................................................................3

Plaintiff's opposition to Defendant's motion provides no defense for her disregard of her discovery obligations, or for her defiance of two Court orders directing her to respond in full to Defendant's long-outstanding discovery requests.  Defendant's opening brief catalogued the deficiencies in Plaintiff's discovery responses, and explained why Defendant is entitled to an inference in its favor in light of Plaintiff's failure to preserve surreptitious recordings of workplace conversations (and other documents) that were in her possession during the EEOC phase of this case, as well as an award of attorney's fees and other specific relief designed to repair the damage done by Plaintiff's contempt of the Court's prior orders.  In opposition, Plaintiff responds feebly, or not at all, to the points and authorities raised in Defendant's opening brief.  And while Plaintiff does, finally, acknowledge that her responses to several of Defendant's discovery requests were deficient, it is too little, too late.  Prior to filing this contempt motion, Defendant beseeched Plaintiff no fewer than seven times in writing and twice orally to respond fully to Defendant's discovery requests, and this Court had twice ordered Plaintiff to do so.  To ensure that Plaintiff actually complies with her discovery obligations and the Court's prior orders, and to mitigate the harm caused by her habitual neglect of her obligations as a litigant to this point, the Court should grant the relief Defendant has requested in connection with this motion by (i) holding Plaintiff in contempt of the Court's two prior orders and staying Defendant's discovery obligations until Plaintiff has responded in full to all outstanding discovery demands; (ii) finding that the documents and information (including clandestine audio recordings) that Plaintiff failed to preserve rebutted any allegation that Defendant discriminated against her; and (iii) awarding to Defendant its costs, including reasonable attorneys' fees, incurred in connection with this motion.

## ANALYSIS

Plaintiff claims, absurdly, that Defendant has failed to "cite to a specific instance of where there is a lapse in a response to the plaintiff's discovery obligation" [*sic*]. Plaintiff's January 14, 2021 Memorandum of Law in Opposition to Defendant's Motion to Compel (Docket No. 63) (the "Opposition"), at 2. She then doubles down on this false claim by stating, inaccurately, that the Moving Memorandum "does not focus on what interrogatory or request for production was propounded, the response given, the basis for requesting a supplemental answer and why [Defendant is] entitled to prevail." *Id*. In reality, Defendant did precisely that in its Moving Memorandum. *See, e.g.*, Moving MOL, at 2-4. Worse than these misrepresentations, the Opposition offers no substantive justification for Plaintiff's continuing refusal to comply with her discovery obligations under the Federal Rules of Civil Procedure and produce documents and information that the Court has twice ordered her to provide. Having already violated two unequivocal Court orders, Plaintiff has needlessly multiplied these proceedings and caused harm to Defendant, and the relief sought by this motion is both justified and necessary to prevent further harm.

**A.   PLAINTIFF HAS NOT OFFERED ANY JUSTIFICATION FOR HER CONTINUING FAILURE TO COMPLY WITH HER COURT-ORDERED DISCOVERY OBLIGATIONS**

To underscore the baseless nature of Plaintiff's position as set forth in the Opposition, Defendant's outstanding discovery requests are summarized once again below, together with the responses Plaintiff has set forth in the Opposition, and Defendant's reply:

| **Interrogatory 9** | Damages calculation |
|---|---|
| **Plaintiff's Position** | "[I]t is the plaintiff's belief that [it] is well within the defendant's capability to determine the mathematical computation of Plaintiff's back pay. Emotional damages and punitive damages are simply not calculated with any mathematical precision and it is for the court to decide."  Opposition, at 4. |

| **Defendant's Response** | By Plaintiff's own admission, she has refused to meet her basic disclosure obligations.  Under Local Rule 33.3, a defendant is entitled to a "computation of each category of damages alleged." S.D.N.Y. Local R. 33.3(a).  A computation of damages "requires more than providing – without any explanation – undifferentiated financial statements; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).  Plaintiff's continued refusal to date to provide this information (which was first requested by Defendant in July 2019) is inexcusable, especially in light of Plaintiff's counsel's September 13, 2019 representation to the Court that he had already prepared a damages calculation.  See Sack Decl., ¶¶ 3, 9.  Moreover, Plaintiff admits that she has produced no information concerning her income or income substitutes from 2019 to present (see Opposition, at 9-11).  It is impossible for Defendant to calculate her economic damages with the incomplete information currently available to it.  Accordingly, for the reasons already set forth (which Plaintiff has failed to address in the Opposition), **the Court should enter an order precluding Plaintiff from submitting any evidence of damages.**  Moving MOL, at 9.  Furthermore, to the extent Plaintiff seeks to impose on Defendant the burden of calculating her damages, Defendant reiterates that Plaintiff has suffered no damages for which Defendant is liable. |
|---|---|

| **Interrogatory 10** | "Identify each person with knowledge or information concerning your attempts to seek employment with any entity since 2014." |
|---|---|
| **Plaintiff's Position** | "Plaintiff produced a list of her attempts at finding new employment and it is responsive to this interrogatory."  Opposition, at 5. |
| **Defendant's Response** | Plaintiff has given no specific reference to documents containing information responsive to this interrogatory.  To the extent Plaintiff is referring to a table she created that contains the names of companies, the positions for which she applied, and the dates on which she applied for them, the information contained in that table is incomplete and non-responsive.  Defendant has made clear that its interrogatory "includes, for example, friends, colleagues and family members with whom she discussed these efforts."  The documents that Plaintiff has produced contain no such information. |

| **Document Requests 3, 6, and 8** | All documents concerning any of the allegations in the Amended Complaint and/or any events in controversy in this action, including but not limited to (i) documents concerning communications between Plaintiff and the EEOC, and (ii) all audio and/or video recordings depicting CBS's work place and/or employees. |
|---|---|
| **Plaintiff's Position** | "The plaintiff provided an adequate response to [Document Requests 3 and 6] as required by Rule 34(b)(2) by providing documents in her possession. |

|  | The defendant's argument questioning the veracity of the plaintiff's responsive [*sic*] is unsupported." Opposition, at 6. "[T]he plaintiff provided an adequate response to [Document Request 8] as required by Rule 34(b)(2). The defendant's argument seems to be in the form of a contention interrogatory that is not before the plaintiff." Opposition, at 7. |
|---|---|
| **Defendant's Response** | Implicit in Plaintiff's response is an admission that she has failed to preserve audio files and documents that were, by her own admission, directly relevant to the matters at issue in this litigation. Notwithstanding Defendant's repeated overtures, Plaintiff has refused to provide any explanation as to how data that was once in her possession – and which she offered to make available to the EEOC in support of the EEOC Charge that preceded this lawsuit – is now "lost." That silence speaks volumes. Accordingly, **Defendant is entitled to an inference that these documents and recordings would rebut, rather than support, Plaintiff's claims.** *See* Moving MOL, at 9-11; Section B, *infra*. |

| **Document Request 11** | All documents concerning Plaintiff's communications with CBS's Human Resources representatives and its Vice President of Diversity. |
|---|---|
| **Plaintiff's Position** | "This was an oversight where no response was stated." Opposition, at 7. |
| **Defendant's Response** | This was hardly an "oversight." Defendant first drew Plaintiff's attention to this deficiency on September 3, 2019. Sack Decl., Exh. F. On no fewer than six occasions in writing (and twice verbally) following that date, Defendant reminded Plaintiff of this deficiency and sought a substantive response. Plaintiff refused, most recently claiming that "all necessary document discovery due from the plaintiff is complete." Sack Decl., Exh. Q. In response, Defendant reiterated by letter on December 8, 2020 that Plaintiff had failed to respond in any way whatsoever to this specific document request; Plaintiff never acknowledged this correspondence, nor did she respond to the document request in question. Sack Decl., ¶ 24, Exh. R. **The fact that Defendant was forced to file this motion in order to obtain a response to which it was unquestionably entitled amply supports an award of fees and costs assessed against Plaintiff and her counsel.** *See* Moving MOL, at 11-12. |

| **Document Requests 24 and 25** | Documents concerning Plaintiff's efforts to secure employment, both during her employment with Defendant and after. |
|---|---|
| **Plaintiff's Position** | Objecting vaguely that a full response is "likely to cause harm to [her]" (Opposition, at 8), Plaintiff has refused to produce all documents responsive to this request, and argues that a table she created summarizing her job |

4

| | |
|---|---|
| | search efforts is sufficient to satisfy her discovery obligations.  Opposition, at 9. |
| **Defendant's Response** | Plaintiff's position is flatly contradicted by Rule 34, which requires her to "state whether any responsive materials are being withheld on the basis of" an asserted objection.  Fed. R. Civ. P. 34(b)(2)(C).  Moreover, Plaintiff's objection was waived as untimely when she first asserted it in connection with her belated responses to Defendant's document requests, and that objection was effectively dismissed by the Court's January 3, 2020 Order, which instructed Plaintiff to respond, "fully and completely" and "without conditions," to Defendant's discovery requests.  Sack Decl., Exhs. F, J.<br><br>As an aside, it defies logic for Plaintiff to claim on the one hand that she has been diligent in her efforts to seek subsequent employment, and yet has produced *not a single copy of any submission that she made to a potential employer* in support of that contention. |

| | |
|---|---|
| **Document Requests 26 and 27** | Documents concerning Plaintiff's income or income substitutes. |
| **Plaintiff's Position** | Plaintiff "will update the defendant with her earning statement for 2019 and 2020 which is expected on or before the end of the first quarter of this year, 2021."  Opposition, at 10-11. |
| **Defendant's Response** | As recently as December 4, 2020, it was Plaintiff's position that "all necessary document discovery due from the plaintiff is complete."  Sack Decl., Exh. Q.  In response, by letter dated December 8, 2020, Defendant reminded Plaintiff yet again that her response to these specific requests was deficient.  Sack Decl., Exh. R.  Plaintiff failed to respond in any way to this letter.  Sack Decl., ¶ 24.  Indeed, while Plaintiff now admits that her earning statements for 2019 were available to her by the first quarter of 2020 (Opposition, at 10), she still has not produced them, despite Defendant's numerous reminders in November and December 2020.  Sack Decl., ¶¶ 19-24, Exhs. N-R.  Given her failure to provide information regarding her post-employment income from 2019 to date, it is especially galling that Plaintiff has suggested that Defendant can calculate her damages based upon information available to it (see Opposition, at 3-4).  **The fact that Defendant was forced to file this motion in order to obtain documents to which Plaintiff now concedes it is entitled amply supports an award of fees and costs assessed against Plaintiff and her counsel.**  *See* Moving MOL, at 11-12. |

5

| **Document Requests 32-35** | Documents concerning Plaintiff's social media activity concerning the subject matter of this action (Document Requests No. 32-33), appointment books, diaries, journals, calendars and weekly or daily planners (Document Request No. 34), and all versions of her resume (Document Request No. 35) (Sack Decl., ¶¶ 3, 5, Exh. C). |
|---|---|
| **Plaintiff's Position** | None. The Opposition is silent as to these outstanding document requests. |
| **Defendant's Response** | By failing to address these demands in the Opposition, Plaintiff concedes that she has not met her discovery obligations concerning them. Plaintiff's failure to produce the requested documents despite a multitude of follow-up requests by Defendant and two Court orders directing her to do so, is compounded by her failure to even address this issue in opposition to Defendant's contempt motion, and **amply supports an award of fees and costs assessed against Plaintiff and her counsel.** *See* Moving MOL, at 11-12. |

B.  **THE COURT SHOULD GRANT TO DEFENDANT THE REQUESTED RELIEF FOR PLAINTIFF'S SPOLIATION OF EVIDENCE**

Plaintiff fails to address in any manner Defendant's argument that an adverse inference is appropriate in response to her spoliation of evidence. She does not dispute that audio recordings and other materials she possessed during the EEOC phase of this case have since been "lost," nor does she make any effort to explain who lost these materials – which she claimed were relevant to her claims – or how, when, and under what circumstances these materials, which are unquestionably the proper subject of discovery, came to be "lost." She does not deny that she was responsible for taking the steps necessary to prevent the loss or destruction of this evidence, nor does she claim to have taken any such steps. The Court should deem unopposed Defendant's request for the relief sought, and should grant that relief, pursuant to Fed. R. Civ. P. 37(e)(2). *Scott v. JPMorgan Chase & Co.*, No. 13-CV-646, 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014) (collecting cases in support of the rule that a plaintiff concedes a defendant's arguments by failing to respond to them), *aff'd.* 603 Fed. Appx. 33 (2d Cir. 2015).

**CONCLUSION**

Defendant respectfully requests that the Court enter an order pursuant to Rule 37(b) of the Federal Rules of Civil Procedure (i) holding Plaintiff in contempt of the Court's January 3, 2020 and November 13, 2020 orders, compelling Plaintiff to comply with her discovery obligations or face dismissal of the action, and staying discovery as to Defendant until such time as Plaintiff has satisfied her outstanding obligations; (ii) holding that the documents and recordings that Plaintiff has failed to produce rebut any inference of discrimination on the part of CBS; and (iii) awarding to Defendant its costs, including reasonable attorneys' fees, along with such other further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 19, 2021

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Laura Sack*
    Laura Sack
    Kaitlyn E. Fallon

1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
laurasack@dwt.com
kaitlynfallon@dwt.com

*Attorneys for Defendant*
*CBS CORPORATION*