UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
DEBORAH DEDEWO,

                        Plaintiff,

  -against-

CBS CORPORATION,

                        Defendant.
------------------------------------------------------------- x

**ORDER GRANTING MOTION TO COMPEL**

18 Civ. 9132 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Over the past year and a half, Defendant CBS Corporation ("CBS") and Plaintiff Deborah Dedewo ("Dedewo") have engaged in multiple disputes regarding their discovery obligations. CBS now seeks to compel outstanding discovery and to hold Dedewo and her former attorney, Locksley Wade, in contempt of their discovery obligations, as well as my January 3, 2020 and November 13, 2020 orders, which compelled full and complete responses to Defendant's outstanding discovery requests. *See* ECF Nos. 39, 59. Defendant's motion is granted.

      Plaintiff commenced this action in 2018, alleging that she was denied a promotion based on her race and gender, and was terminated in retaliation for lodging an internal complaint regarding the discrimination she faced. *See* Am. Compl. 11, ECF No. 20. On July 22, 2019, CBS served Dedewo with its First Set of Interrogatories and First Set of Document Requests for Production. Plaintiff responded on August 27, 2019, as follows:

**Interrogatory No. 9:**
    "Identify with specificity each category of damages that you allege, including lost income, emotional distress and attorneys' fees, if any. With respect to each category of damages, specifically state the total amount of damages claimed and the basis for the computation of the amount claimed."

>Answer: "Plaintiff draws your attention to the Damages section of her Rule 26 Initial Disclosures."

**Interrogatory No. 10:**
>"Identify each person with knowledge or information concerning your attempts to seek employment with any entity since 2014".
>
>Answer: "Plaintiff has no specific memory of the names of persons whom she contacted for employment since 2014. In any event, a response to this question can be found in Plaintiff's response to your request for production of documents which will list her attempts in seeking new employment."

Ex. B, ECF No. 62-2. Plaintiff's Initial Disclosure stated that she was seeking: "back-pay based on her annual salary with Defendant that is calculated from the time of the termination of her employment until judgment; an award of punitive damages that is to be determined by a jury; other monetary losses incurred as result of the loss of Plaintiff's employment; pre and post-judgment interest, attorney's fees, expert witness fees and other costs to be determined at the end of trial; and any other further relief as the Court deems just and proper." Opp. Br. 3, ECF No. 63. While Plaintiff provided documents reflecting her annual salary, Plaintiff did not provide any computation of damages or the basis for such amount. *Id*.

Plaintiff responded to Defendant's Document Demands on August 27, 2019. Defendant argues that Plaintiff provided incomplete or no response to the following demands:

- **Document Demand Nos. 3 and 6**: Documents concerning any of the allegations in the Amended Complaint and/or any events, or conditions in controversy in this lawsuit, which includes documents referenced in Plaintiff's correspondence with the EEOC;
- **Document Demand No. 8**: All audio and/or video recordings of CBS employees or Plaintiff's workplace, as well as any other recordings that otherwise relate to the matters at issue in this lawsuit;
- **Document Demand No. 11**: All documents concerning Plaintiff's communications with CBS's Human Resources representatives and its Vice President of Diversity;
- **Document Demand Nos. 24 and 25**: All documents concerning any search for employment that Plaintiff has engaged in and any job posts she has viewed, responded to, and/or applied for since July 2, 2012;

- **Document Demands No. 26 and 27**: All documents concerning Plaintiff's income or income substitutes for the years 2012 through the present and all documents concerning any services Plaintiff has performed for compensation since her separation from employment with CBS;
- **Document Demands No. 32 and 33**: All documents concerning all postings, "likes," comments, notes, or updates on Plaintiff's social media profiles and pages concerning the subject matter of this action, the allegations made or damages sought in the Amended Complaint, her employment with and/or separation from employment with CBS, and/or any of her assignments, duties, and/or responsibilities while employed by CBS;
- **Document Demand No. 34**: All appointment books, diaries, journals, calendars, and weekly or daily planners maintained by and/or for Plaintiff from August 18, 2014 to the present; and
- **Document Request No. 35**: Plaintiff's current resume and all versions of her resume that she has maintained since August 2014.

Of note, Defendant alleges that the production included correspondence to the EEOC in which Plaintiff's counsel referred to multiple audio recordings of conversations and voice mail messages that she said supported her claims but did not include the actual recordings. Plaintiff ultimately produced one recording on September 25, 2019, and notified CBS that all other audio recordings were lost. Sack Decl., ¶¶ 6-7, Exs. D-E. The correspondence to the EEOC also referred to "Additional Supplement[al] Documentation" which she offered to provide to the EEOC upon request. *Id.* That documentation was not included in its production to CBS. Plaintiff has not produced such documentation or made any representations as to whether the documentation exists or is in her possession. *Id.* ¶ 7.

Defendant provided Plaintiff with written notice of the deficiencies on multiple occasions. These include:

- By letter dated September 3, 2019, Defendant put Plaintiff's counsel on written notice of the deficiencies in the Responses requested that the deficiencies be cured. *Id.* ¶ 8, Ex. F.

- On September 17, 2019, Defendant requested in writing that Plaintiff cure the deficiencies in the Responses. *Id.* ¶ 10, Ex. G.

- On November 5, 2019, Defendant again requested in writing that Plaintiff cure the deficiencies and enumerated those deficiencies. *Id.* ¶ 11, Ex. H.

- On November 20, 2019, Plaintiff's counsel advised Defendant's counsel that Plaintiff it would not respond to Defendant's November 5, 2019 correspondence. Defendant's counsel e-mailed Plaintiff' in response, requesting that Plaintiff cure the deficiencies. *Id.* ¶ 12, Ex. I.

On January 2, 2020, the parties, pursuant to Local Rule 2E, jointly filed a discovery dispute letter regarding these same issues and deficiencies. ECF No. 38. On January 3, 2020, I ordered the parties to "respond, fully and completely, to the other's discovery requests, without conditions." ECF No. 39. On November 13, 2020, CBS again notified the Court at a status conference of the outstanding discovery issues. I ordered both parties to discharge all discovery obligations by December 4, 2020. ECF No. 59. Defendant notified Plaintiff on November 17, 2020 of the remaining discovery deficiencies. Plaintiff responded to Defendant's request for discovery responses on December 4, stating that she had met all her discovery obligations. Defendant contacted Plaintiff again on December 8, 2020, by letter, requesting that Plaintiff respond fully to Defendant's discovery requests.

Defendant argues that Plaintiff has refused to produce documents and information, refused to respond to its deficiency letters, violated two orders, and waited until the Court-imposed deadline for the production of all outstanding documents and information to claim that she previously satisfied her discovery obligations. CBS asks the Court to (i) find Plaintiff in contempt of the Court's prior orders and stay discovery as to Defendant until Plaintiff provides full and complete responses to discovery requests; (ii) order an adverse inference as to

any documents or information that Plaintiff failed to preserve; and (iii) award costs, including attorneys' fees incurred.

Under Rule 37, when a party "fail[s] to obey an order to provide or permit discovery," a district court has "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); Fed. R. Civ. P. 37 (b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders."). These sanctions include directing that the designated facts be taken as established as the moving party claims, prohibiting the disobedient party from supporting or opposing those claims striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37 (b)(2)(A) (i)- (vi). Under Rule 37(e), a district court may impose an appropriate remedy for a party's failure to preserve electronically stored information ("ESI") that should have been preserved in anticipation of litigation. This includes presuming that "the lost information was unfavorable to the party," dismissing the action, or entering a default judgment. Fed. R. Civ. P. 37(e)(2)(A), (C).

*Interrogatories*

I find that Plaintiff has failed to comply with my directives as to the disputed interrogatories. CBS specifically requested information necessary to calculate damages. Under Local Rule 33.3, a defendant is entitled to a "computation of each category of damages alleged." S.D.N.Y. Local R. 33.3(a). Plaintiff has refused to do so and, aside from claiming that Defendant should be able to do the mathematical calculations based on documents she submitted, provides no reason for not providing such information. Plaintiff cannot escape its obligation to actually compute the damages by pointing the Defendant to its initial disclosure, providing financial statements, and telling them to "do the math." A computation of damages "requires

more than providing – without any explanation – undifferentiated financial statements; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). Thus, I find that Plaintiff has failed to comply with its discovery obligations.

I also find that Plaintiff has not fully responded to Interrogatory 10. Plaintiff argues that she "has no specific memory of the names of persons whom she contacted for employment since 2014" and instead produced "a list of her attempts at finding new employment and it is responsive to this interrogatory." Opp. Br. 5. However, the response is incomplete. The interrogatory requests the identity of persons with knowledge or information about her employment search, not only the persons whom she sought employment from. Plaintiff has refused to provide any further information or clarification despite Defendant's repeated requests, and despite my order requiring the parties to respond fully and completely, without conditions.

*Document Requests*

I also find that Plaintiff has not fully complied with her discovery obligations. Document Demand Nos. 3, 6, and 8, sought all documents concerning the allegations in the Amended Complaint including documents concerning communications between Plaintiff and the EEOC, and the audio and/or video recordings. Plaintiff states she provided an adequate response by providing the documents in her possession; the facts show otherwise. Plaintiff did not turn over any audio or video recordings to Defendant, and only did so a month after the fact, after Defendant's noted the deficiencies in her production. Moreover, Plaintiff did not even address Defendant's allegations of spoliation of evidence. The communication between the Plaintiff and EEOC suggests that such audio recordings were preserved for use at her EEOC proceedings, yet, only one of the audio recordings was produced to Defendant. Plaintiff's counsel provides no explanation for why the initial production did not contain the responsive audio recordings, how the recordings to which he previously referred were lost, or any steps that he took to ensure that

the evidence was preserved.  *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216, 219 (S.D.N.Y. 2003) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); *see also Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998) (a party seeking an adverse inference must show that "the party having control over the evidence ... had an obligation to preserve it at the time it was destroyed.").  I therefore find that an adverse inference against Plaintiff is warranted.  Because these tapes purportedly established a discriminatory environment at CBS, any such recordings shall be considered to rebut an inference of discrimination at CBS.  *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (explaining that a sanction should deter spoliation, place the risk of an erroneous judgment on the disobedient party, and restore the prejudiced party to its position absent the wrongful destruction of evidence).

As to Document Demand No. 11, requesting documents concerning Plaintiff's communications with CBS's Human Resources representatives and its Vice President of Diversity, Plaintiff argues that the lack of response was an "oversight".  However, at no point in the year and a half since September 3, 2019, when the lack of response was brought to her attention, did Plaintiff attempt to respond to this document request or correct such "oversight".  The continuing lack of response is inexcusable.

As to Document Demand Nos. 24 and 25 for documents concerning Plaintiff's efforts to secure employment, both during her employment with Defendant and after, I find that Plaintiff's objection that the demand is not proportional to the scope of discovery is without merit.  Rule 34(b)(2)(C) requires that the Plaintiff "state whether any responsive materials are being withheld" on the basis of an asserted objection.  Plaintiff did not produce any documents that would be within the scope of discovery, such as the underlying submissions or

documentation requested, nor did she deny that such submissions existed. Instead, Plaintiff produced a chart cataloging the dates, company names, and positions she applied to beginning in November 2015, and provided only a vague assertion that the request is "likely to cause harm" to Plaintiff. This vague allegation, without more, is insufficient to meet Plaintiff's discovery obligations. Plaintiff's response is therefore incomplete.

      Plaintiff has also failed to fully respond to Document Demand Nos. 26 and 27, seeking documents concerning Plaintiff's income or income substitutes. Plaintiff argues that these requests seek "private information from parties that are not part of this lawsuit" and that Plaintiff's income tax returns are "private and not subject to discovery." While relevant, Plaintiff may withhold her tax documents because the information contained therein is obtainable through other means such as income statements. *See Chen v. Republic Rest. Corp.*, No. 07 CIV. 3307 LTS RLE, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (citing *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979)). Plaintiff indicated that she would provide income statements other than her income tax returns; however, Plaintiff has not provided her income statements for 2019 or 2020. Plaintiff argues that her 2020 statements will not be available until the end of the first quarter of 2021, but this does not excuse Plaintiff from her failure to produce the missing 2019 income statements, which were available in 2020. Finally, Plaintiff offers no argument opposing Defendant's allegations that it failed to fully respond to Document Demand Nos. 32-35, seeking documents concerning Plaintiff's social media activity concerning the subject matter of this action, appointment books, diaries, journals, calendars and weekly or daily planners, and all versions of her resume.

      In sum, despite Defendant's numerous attempts to obtain the outstanding discovery, Plaintiff and her former counsel have blatantly disregarded their discovery obligations and are therefore in contempt of my January 3, 2020 and November 13, 2020 orders, requiring

full and complete responses, without conditions, to the other's discovery requests. Plaintiff has offered no valid explanation or excuse for almost two years of defiance. She will not be allowed to needlessly prolong this litigation nor will she be allowed to benefit from purposefully withholding relevant documents. As such, I find that the following sanctions are appropriate:

1. Plaintiff is compelled to comply with her discovery obligations within ten days of this order, or face dismissal of the action;
2. Defendant's discovery obligations are hereby stayed until such time as Plaintiff has satisfied her outstanding obligations;
3. An adverse inference against Plaintiff is warranted as to the lost audio recordings and any documents that Plaintiff has failed to produce;
4. Plaintiff shall pay Defendant's costs and $5000 in attorney's fees associated with the repeated discovery abuse, making necessary repeated motion practice.

Defendant's motion to compel discovery responses and to hold Plaintiff in contempt is hereby granted. The Clerk is instructed to terminate the open motion, ECF No. 60, taxing costs and $5000 in attorney's fees to Plaintiff. Oral argument, currently scheduled for April 14, 2021, is hereby cancelled. The status conference, currently scheduled for April 16, 2021 is adjourned until April 30, 2021, at 10 am.

SO ORDERED.

Dated:  April _12_, 2021  _____/s/ Alvin K. Hellerstein_____
        New York, New York      ALVIN K. HELLERSTEIN
                                United States District Judge