UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
 :
DEBORAH DEDEWO, :
 :         **ORDER AND OPINION**
            Plaintiff, :  **GRANTING MOTION FOR**
    -against- :         **SUMMARY JUDGMENT**
 :
CBS CORPORATION, :         18 Civ. 9132 (AKH)
 :
            Defendant. :
 :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On April 5, 2022, I granted Defendant's motion for summary judgment, dismissing Plaintiff's federal claims and declining to exercise jurisdiction over her state and city law claims, with costs to be paid by Plaintiff. On April 19, 2022, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, Defendant filed a bill of taxable costs, seeking to recover costs in the amount of $7950.51, which includes $1964 for obtaining Plaintiff's deposition and transcripts thereof and $5986.51 for the service of various subpoenas for Plaintiff's medical records. Defendant supports it request with a declaration, explaining the necessity and reasonableness of the costs, as well as invoices, establishing the costs incurred. Defendant maintains that the requested costs are recoverable because the services were actually performed, and that the costs were necessarily incurred for defense of this action. As to Plaintiff's deposition, Defendant avers that this was necessary in order to determine the specific allegations that formed the basis for Plaintiff's claims and to assess the scope and extent of her alleged damages. Similarly, as to the medical records, Defendant avers that these were necessary to the defense of this action and evaluation of potential noneconomic damages.

1

Plaintiff objects to the bill of costs and asks me to review allegedly inaccurate charges. As to the deposition costs, she avers that these should be diminished by a third because I refused to exercise jurisdiction over her state and city law claims, and therefore, Defendant did not prevail on every claim. As to the costs for subpoena services, Plaintiff complains that the costs are excessive and, as to certain providers, duplicative. She further notes that Defendant did not rely on any of these records in support of its motion for summary judgment. It is unclear whether she contests these costs in their entirety or simply seeks a reduction. Finally, assuming I award costs, Plaintiff requests that in light of her modest income, she be given time to repay.

Having reviewed Defendant's bill of costs, declaration, and supporting documentation, and for reasons briefly stated below, I reject Plaintiff's objections. However, in light of Defendant's failure to show the reasonableness or necessity of certain fees related to the subpoena of Plaintiff's medical records, I reduce the award of costs to $4211.00.

Federal Rule of Civil Procedure 54(d)(1) provides that unless a federal statute or court order provides otherwise, costs other than attorney's fees should be awarded to the prevailing party. As a complement to Rule 54, 28 U.S.C. § 1920 outlines the costs generally taxable to the prevailing party. Local Rule 54.1 of the Southern District of New York more specifically details the costs taxable in this District. As relevant here, Local Rule 54.1 provides as taxable the costs for depositions, used by the Court in ruling on a summary judgment motion, *see* Local Rule 54.1(c)(2), as well as the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, *see* Local Rule 54.1(c)(10). Although Section 1920(1) only allows recovery for costs of service where completed by the United States Marshals Service, the Second Circuit has found that due to the increase use and substitution of private process servers, that these fees should be recoverable, *see U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v.*

*Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996) (cleaned up), but only to the extent that the fees do not exceed the fee that the Marshals Service may collect under the federal statute ($65 per hour for each item served). *See* 28 C.F.R. § 0.114(A)(3), effective Oct. 30, 2013; *see also Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 405 (S.D.N.Y. 2004) (citing *U.S. v. Merritt Meridian Constr. Co.*, 95 F.3d 153, 172 (2d Cir. 1996)).

Plaintiff's objection to the costs for her deposition and transcript are overruled. Recovery is expressly permitted for two reasons. First, the costs are recoverable under the Local Rules, as I relied on her deposition in ruling on Defendant's summary judgment motion. Second, Defendant is entitled to recover the costs because my Order, dated June 11, 2021, (ECF No. 87), expressly authorized Defendant to re-depose Plaintiff at Plaintiff's expense, due to Plaintiff's discovery malfeasance.

As to Plaintiff's hope that costs be reduced because Defendant did not prevail on every claims, this request also is denied. Although I declined to exercise supplemental jurisdiction over her state and city law claims, all of Plaintiff's claims were intertwined because they arose out of "common core facts." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004). A deposition as to some was necessarily a deposition as to all. Thus, the claims are not severable, and there is no basis for reducing costs. Accordingly, I hold that Defendant is entitled to recover $1964 in connection with obtaining Plaintiff's deposition and the transcript.

Plaintiff's objections as to the service of subpoenas are likewise without merit. Plaintiff complains that there are four doctors who are duplicated at least three times and at most seven times. This is incorrect as a factual matter. The duplicate entries are for unsuccessful attempts at service, service at different locations, and on different dates. Plaintiff also resists these costs because Defendant did not rely on them in support of its motion for summary

judgment.  This alone does not render Plaintiff's medical records unnecessary for defense of this litigation.  Plaintiff claimed damages in part based on emotional distress, and if Defendant lost its motion, those records necessarily would have been relevant at trial, where Defendant would have sought to undermine the extent of Plaintiff's claimed damages.  In short, Defendant's early win, on summary judgment rather than at trial, cannot retroactively invalidate its request for information that would have been necessary had the case proceeded to trial.

Although I reject Plaintiff's objections, I nevertheless find Defendant's supporting documentation insufficient to establish the reasonableness and necessity of the costs claimed. For example, on page 2 of Exhibit B, an invoice lists a charge for "Search and Locate," with no explanation of why this charge was necessary.  Likewise, on page 13, the charge is for a "RUSH Service Fee," with no explanation as to why a rush was necessary.  In addition, the charges for service on various subpoena recipients well exceed the statutory cap of $65, the applicable rate for service by the Marshals Service.  For a number of subpoenas, multiple recipients were served at the same address.  The initial service fee for the address was charged at $228, while the additional subpoenas served at the same location were charged at $58 each.  As to the additional subpoenas, these do not exceed the statutory rate of $65 and are therefore recoverable.  However, all of the initial service fees charged per address are not recoverable at the listed rate, and must be reduced to $65 each.  Accordingly, for costs associated with service of subpoenas, I hold that Defendant is entitled to recover $2247.

Finally, as to Plaintiff's request for time to repay, Plaintiff shall pay Defendant 10 percent of her gross monthly income, on the first day of every successive month, until the sum owing has been repaid in full.

For the reasons provided above, Defendant is awarded costs in the amount of $4211.00, covering Plaintiff's deposition and the transcript ($1964) and the service of subpoenas ($2247).  Plaintiff shall pay such costs monthly, at a rate of 10 percent of her gross monthly income, on the first day of every successive month until the full amount has been repaid.

SO ORDERED.

Dated:    May 16, 2022                      /s/ Alvin K. Hellerstein
          New York, New York          ALVIN K. HELLERSTEIN
                                      United States District Judge